UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30167
Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                versus

RENE DIAZ,

                              Defendant-Appellant.

        *   *   *   *   *   *   *   *   *
            _____

              No. 94-30168
            Summary Calendar
            _____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                versus

PAUL SOLIS,

                              Defendant-Appellant.

_____

    Appeals from the United States District Court for the
              Eastern District of Louisiana
_____

              (November 25, 1994)


Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

    In this consolidated appeal, defendants-appellants Rene Diaz

(Diaz) and Paul Solis (Solis) complain of the sentence imposed under the United States Sentencing Guidelines following their convictions on pleas of guilty to charges of conspiring to possess with the intent to distribute cocaine hydrochloride contrary to 21 U.S.C. §§ 841(a) and 846. Both defendants insist that the district court erred in not awarding any credit for acceptance of responsibility under section 3E1.1 of the Guidelines. For the reasons that follow, we affirm.

**Facts and Proceedings Below**

In cooperation with a confidential informant (CI), United States Customs agents seized thirty-one kilograms of cocaine hydrochloride from the M/V Balsa 43 when it arrived in New Orleans from Colombia on May 25, 1993. That evening, after giving agents the telephone numbers of the intended recipients of the cocaine, the CI agreed to make a controlled delivery. At approximately 5:40 p.m., the CI called Diaz, one of the intended recipients. Diaz agreed to travel from Miami to New Orleans the next day to purchase 8 kilograms of cocaine for $20,000. Diaz also indicated that he would return later to New Orleans to purchase twelve more kilograms.

The next day, May 26, 1993, Diaz arrived in New Orleans with Solis and two other people. Shortly after their arrival, Diaz and Solis (Defendants) went to the agreed-upon site for the purchase. When the CI arrived, Solis approached him. Then Diaz joined Solis, and together they led the CI to their van. Once there, Defendants took the cocaine but refused to pay for it. They forced the CI from the van and fled the scene. Five hours later, customs agents

2

intercepted two vans headed for Miami, one driven by Solis and the other by Diaz. In the van driven by Solis, the agents discovered $20,000. On the side of the road nearby, agents found eight kilograms of cocaine wrapped in the same packaging used for delivery by the CI.

On July 16, 1993, an indictment returned against Defendants charged them with one count of conspiracy to possess with the intent to distribute eight kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846. After some delay, the trial was scheduled for November 15, 1993. On that morning, just before trial, Defendants entered into plea negotiations. As a result, the government filed a superseding information charging Defendants with the same crime but omitting reference to the amount of cocaine specified in the indictment. Defendants then pleaded guilty to the charge. The district court accepted the pleas and ordered presentence investigation reports (PSRs).

Diaz's PSR recommended awarding credit for acceptance of responsibility because "he acknowledges that he traveled from Miami to New Orleans to do a cocaine transaction." Solis's PSR recommended not awarding the credit because "he denies having any knowledge that the purpose of the trip to New Orleans was to purchase cocaine" and because "[h]e denies knowing that a drug deal was occurring prior to his meeting with the government informant and further indicates that he was no more than an observer." At the sentencing hearing on March 9, 1994, the district court informed Defendants of its decision not to award either of them any credit for accepting responsibility. At that time, the district

3

court based its decision on two facts:  (1) Defendants' delay before pleading guilty and (2) Defendants' failure to tell the whole truth.  When Defendants objected, the district court made clear that its decision was firm but offered Defendants an opportunity to consider withdrawing their pleas.  Both Diaz and Solis declined.

The district court then sentenced Diaz, who had a total offense level of 32 and a criminal history category of III, to 180 months in prison and 3 years' supervised release.  The court sentenced Solis, who had a total offense level of 32 and a criminal history category of II, to 150 months in prison and 3 years' supervised release.  After the hearing, in its written reasons for the sentence, the district court indicated that Defendants' prior felony convictions also supported its decision not to allow credit for acceptance of responsibility.

After Defendants filed timely notices of appeal, this Court granted their motion to consolidate the two cases.  As their only issue on appeal, Defendants contend that the district court erred in not awarding them credit for acceptance of responsibility. Finding no reversible error in either case, we affirm.

## Discussion

Whether the district court correctly applied the Guidelines is a question of law subject to *de novo* review.  *United States v. Howard*, 991 F.2d 195, 199 (5th Cir.), *cert. denied*, 114 S.Ct. 395 (1993).  Under U.S.S.G. § 3E1.1, Defendants must prove they are entitled to credit for acceptance of responsibility.  Because the district court "is in a unique position to evaluate a defendant's

acceptance of responsibility[,]" we review the district court's underlying factual findings and ultimate determination under a standard even more deferential than clear error. U.S.S.G. § 3E1.1, comment (n. 5); *United States v. Brown*, 7 F.3d 1155, 1162 (5th Cir. 1993).

Section 3E1.1(a) of the Guidelines allows a two-point reduction in the total offense level when a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "The mere entry of a guilty plea, however, does not entitle a defendant to a sentencing reduction for acceptance of responsibility as a matter of right." *United States v. Shipley*, 963 F.2d 56, 58 (5th Cir.) (per curiam), *cert. denied*, 113 S.Ct. 348 (1992). Only a defendant who qualifies for this downward adjustment under section 3E1.1(a) may obtain an additional one-point credit under subsection (b).[1] In short, a defendant not awarded a two-point reduction under subsection (a) is ineligible for a single-point reduction under subsection (b). Because, in this case, the court decided not to award either defendant any points for acceptance of responsibility, only subsection (a) is at issue.

Defendants assert that the district court misapplied the Guidelines. In particular, Defendants claim the district court erred as a matter of law in basing its decision in part on

---

[1]    A one-point credit under subsection (b) is available if the total offense level is sixteen or greater and if the defendant has either "timely provid[ed] complete information to the government concerning his own involvement in the offense" or timely notified authorities of his intention to plead guilty. U.S.S.G. § 31E.1(b)(1).

5

Defendants' criminal history and on the timeliness of their pleas. With respect to the first contention, we agree with Defendants that the district court erred in factoring their prior offenses into its decision not to grant credit for acceptance of responsibility. While the bare fact that Defendants had prior felony convictions is relevant to the calculation of a criminal history category, it has no independent bearing on whether Defendants had accepted responsibility for the crime charged.

The district court's consideration of an irrelevant factor, however, is "not fatal if there is some other reason to be found that supports" the court's decision: "We may always affirm a district court's ruling, made for an invalid reason, if we are shown or can find a valid reason to support the ruling." *United States v. Tello*, 9 F.3d 1119, 1128 (5th Cir. 1993). Here, we are convinced that the reference to prior convictions, first appearing in the written reasons composed after the sentencing hearing, is no more than an afterthought. The two other factors (timeliness and truthfulness), on the other hand, were the sole expressed bases for the decision at the actual time of sentencing. Because the district court's decision was independently supported by two other factors, and because we conclude that there is no reasonable possibility that the district court would have granted any credit for acceptance of responsibility had it never considered the previous convictions in that connection, we hold that the court's *post hoc* reference to prior convictions as also supportive of its decision was harmless error in this case.

Defendants also challenge the district court's consideration

6

of timeliness. According to Defendants, whether a plea was timely relates only to the one-point award under subsection (b) and cannot relate to the two-point reduction under subsection (a). We disagree. While the terms of subsection (b) *mandate* consideration of timeliness, the terms of subsection (a) do not forbid it. Indeed, the consideration of timeliness is expressly allowed. The application notes to section 3E1.1(a) state, "In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: . . . (h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility."[2] We therefore find no error in the district court's consideration of this factor.[3]

---

[2]    In arguing that a district court cannot consider timeliness under subsection (a), Defendants rely on the following portion of *United States v. Tello*, 9 F.3d 1119 (5th Cir. 1993):

> "We are unable to read anything into § 3E1.1 or into Tello's interpretation of it, that 'ties acceptance of responsibility to the timeliness of the entry of the plea.' To the contrary, the element of timeliness is nowhere to be found in any aspect of the basic 2-level decrease . . . ." *Id.* at 1127.

Initially we note that, because *Tello* dealt with section 3E1.1(b) *only*, any reference in the opinion to subsection (a) was mere dicta, which we refuse to interpret contrary to the express terms of the application notes to section 3E1.1. In any event, however, this dicta is not inconsistent with our holding today. The passage quoted was in response to the government's contention that "tieing" acceptance of responsibility to timeliness "would obligate every district court to automatically reduce offense levels by three whenever a prompt guilty plea was made." *Id.* at 1127 (citation and emphasis omitted). Recognizing the flaw in this logic, the panel merely pointed out that under subsection (a), unlike subsection (b), timeliness is not an indispensible element of the credit and thus not a factor the court *must* be governed by.

[3]    We do not read the statements of the district court to mean,

7

Finally, Defendants contend that the district court committed clear error in concluding, on these facts, that Solis and Diaz had not clearly accepted responsibility. As mentioned earlier, at the sentencing hearing the district court based its decision on both the timeliness and truthfulness of Defendants. With respect to timeliness, both parties agree that Defendants waited until the morning of trial to enter plea negotiations, thereby denying all involvement until almost six months after their arrest. *See Wilder*, 15 F.3d at 1299 (decision not to award credit under section 3E1.1(a) based in part on the defendant's failure to plead guilty until the "eve of trial"). Given this delay, the district court did not err in finding that Defendants were untimely in "manifesting the acceptance of responsibility."

The court also found that Defendants had failed to acknowledge the full extent of the charged conspiracy. Acceptance of responsibility hinges on a defendant's "truthfully admitting the conduct comprising the offense(s) of conviction" and demonstrating "'sincere contrition' regarding the *full extent* of . . . criminal conduct." *Id.* (emphasis added). Diaz and Solis both maintained that Solis knew nothing of the drug transaction before meeting with the CI. In his written statement, Solis portrayed himself, in the

---

as Defendants suggest, that a defendant must accept responsibility at the moment of arrest to qualify for credit under section 3E1.1(a). The identified comments of the court at the sentencing hearing reflect a concern not so much with the delay *per se* but with the reasons for the delay: "To me, acceptance of responsibility is, when you are caught, not until you see that you are in a corner and you don't have anywhere else to go." Elsewhere, the court's comments relate only to the last-minute timing of the pleas.

words of the PSR, as an "observer" more than an active participant in a criminal conspiracy. The district court was entitled to discredit this assertion, considering that Solis was the first to approach the CI at the purchase site and the one whose van contained both the money and the drugs on the way back to Miami. Diaz, too, while acknowledging his intention to drive to New Orleans to purchase drugs, persistently discounted the existence of a conspiratorial agreement with Solis. These facts justify the district court's finding that Diaz and Solis failed to come clean on the full extent and nature of their charged conspiracy.

Because these factual determinations are not clearly erroneous, the district court acted well within its broad discretion in concluding that Defendants had failed to demonstrate a clear acceptance of responsibility. Accordingly, Defendants were not entitled to the two points credit under subsection (a) nor, *a fortiori*, the single point credit under subsection (b).

## Conclusion

The judgment of the district court is

AFFIRMED.