UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21017
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

CHRISTOPHER C. MOUTOH,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CR-H-95-8-7)
_____

July 3, 1996


Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Christopher C. Moutoh appeals his sentence for conspiracy to
defraud the United States, in violation of 18 U.S.C. § 286.  He
argues that the district court clearly erred in declining to award
a two-level reduction for acceptance of responsibility under
U.S.S.G. § 3E1.1.  Moutoh's plea agreement contains a provision

---

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

waiving his right to appeal, "except the right to appeal an illegal sentence."  That language does not unambiguously preclude our consideration of Moutoh's argument.  See United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992), cert. denied, 508 U.S. 956, 113 S. Ct. 2457, 124 L. Ed.2d 672 (1993).

Moutoh's argument that his guilty plea and cooperation are conclusive of acceptance of responsibility ignores many of the other provisions in the plea agreement, and is without merit. Because Moutoh neither truthfully admitted the conduct comprising the offense nor "came clean" regarding the full extent of his criminal conduct, the district court did not clearly err by denying the downward adjustment.  See United States v. Diaz, 39 F.3d 568, 572 (5th Cir. 1994).

AFFIRMED.