IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20749
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT CORTEZ TURNER,

                                        Defendant-Appellant.



- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-95-273-3
- - - - - - - - - -
April 17, 1997
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Robert Cortez Turner appeals his conviction for being a

felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1).  He contends that 1) § 922(g)(1) is unconstitutional

under the Commerce Clause, 2) the district court erred in

increasing his base offense level four levels, pursuant to

U.S.S.G. § 2K2.1(b)(5), 3) the court erred in increasing his base

offense level two levels for obstruction of justice, and 4) the

     [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

court erred in refusing to grant a reduction for acceptance of responsibility.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. Turner's challenge to the constitutionality of § 922(g)(1) lacks merit. See United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). The district court did not err in increasing Turner's base offense level under § 2K2.1(b)(5), see United States v. Davis, 76 F.3d 82, 85 (5th Cir. 1996), or in refusing to grant a three-level decrease in his offense level for acceptance of responsibility. See United States v. Diaz, 39 F.3d 568, 572 (5th Cir. 1994). Finally, we decline to decide his challenge to the obstruction-of-justice enhancement because error, if any, was harmless. See Williams v. United States, 503 U.S. 193, 203 (1992).

AFFIRMED.