UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 00-50737

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALI LEAL-MENDOZA, RODNEY GALINDO,

Defendants - Appellants.

Appeals from the United States District Court
for the Western District of Texas

January 29, 2002

Before JONES, SMITH, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Ali Leal-Mendoza and Rodney Galindo challenge two aspects of their sentences: the failure of the district court to award a three-level, instead of two-level, reduction for "acceptance of responsibility" under U.S.S.G. § 3E1.1, and the failure of the district court to reduce their sentences because they served only "minor" or "minimal" roles in the offense under U.S.S.G. § 3B1.2.

After a high-speed chase, Texas state troopers, local deputy sheriffs, and the United States

Border Patrol stopped a truck driven by Leal and Galindo. The officers found 704 kilograms of packaged marijuana inside the truck. A Border Patrol agent placed the two men under arrest and moved them to a federal facility, where they spent the night in a cell. The next morning, DEA agents transferred Leal and Galindo to another location and interviewed them. According to the DEA agents, both Leal and Galindo freely and willingly gave statements. They confessed that a man named "Chief" paid them $5,000 each to transport marijuana from a truck stop in Sierra Blanca, Texas to Odessa, Texas. They described in their interviews the way in which "Chief" recruited them at a party and his advice on escaping detection during the drug run.

Leal and Galindo filed motions to suppress evidence, asserting violations of the Fourth and Fifth Amendments. They later waived their right to a jury trial. After the district court denied their suppression motions at a hearing, Leal and Galindo stipulated to all of the facts necessary to support their guilt, and the district court found them guilty as charged in the indictment. At sentencing, the district court reduced Leal and Galindo's sentences by two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), but declined to reduce their sentence an additional level under U.S.S.G. § 3E1.1(b). The court also rejected the contention that Leal and Galindo played only "minimal" or "minor" roles in the offense under U.S.S.G. § 3B1.2 and accordingly refused to reduce their sentences.

We review a sentencing judge's determination on acceptance of responsibility under a standard variously described as "clearly erroneous," "without foundation," or "great deference." *United States v. Chapa-Garza*, 62 F.3d 118, 122 (5th Cir. 1995). This standard requires even more deference than a "pure" clearly erroneous standard. *Id.*.

The sentencing judge, visiting the Western District of Texas from the Eastern District of

Louisiana, reluctantly awarded a two-point reduction of the sentencing level for "acceptance of responsibility." The judge followed what he believed to be the rule of the Western District of Texas, which purportedly awards the two-level reduction in cases where the defendant moves to suppress evidence but otherwise does not challenge the facts establishing his guilt. The judge made clear that, but for the Western District's policy, he would not have awarded even two levels. The judge declined to award the third-level reduction because of his reluctance on whether even the two-level decrease was justified. In rejecting the additional reduction, he said: "But the fact of the matter is that to me that doesn't make a difference because, frankly, if I weren't applying the rules of this Court, they wouldn't get 3 point – they wouldn't get a 2-point reduction; they'd get zero. The facts here, to me, don't justify even a 2-point reduction. But the policy of the court is to give it. I'm going to give them the 2-point reduction."

We reject the proposition that a sentencing judge's reluctance in awarding the two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) can have any bearing on the independent inquiry of whether to award another level reduction under U.S.S.G. § 3E1.1(b). Section 3E1.1 provides:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> (1) timely providing complete information to the government concerning his own involvement in the offense; or
>
> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources

efficiently,

decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1.  To qualify for the additional reduction in § 3E1.1(b), the defendant must meet three criteria: (1) he must qualify for the two-level reduction under subsection (a), (2) the offense level  prior to the operation of section (a) must be 16 or higher, and (3) the defendant must *either* "timely provide complete information to the government concerning his own involvement in the offense" *or* timely enter a guilty plea.  *United States v. Tello*, 9 F.3d 1119, 1124 - 25 (5th Cir. 1993).

Whether a defendant qualifies for the two-level reduction in subsection (a) is an all or nothing proposition: once the district court decides that a defendant is entitled to the subsection (a) reduction, the only inquiries remaining under subsection (b) are the last two prongs of the test.  In other words, a district court cannot find that a defendant "accepted responsibility" for the purposes of subsection (a) but did not "accept responsibility" for the purposes of the first prong of the test under subsection (b).  We explicitly held as much in *United States v. Tello*, 9 F.3d at 1127 - 29.  In *Tello*, the district court awarded the two-level reduction under subsection (a) despite the defendant's obstruction of justice.  But because the defendant had obstructed justice, the court concluded that he had not sufficiently accepted responsibility for the full three-level reduction under subsection (b).  We reversed, explaining that district courts may not adopt "internally inconsistent position[s]" in sentencing under § 3E1.1.  *Id.* at 1128.  Whether a defendant obstructed justice was relevant to the determination under subsection (a).  But once the district court determined that the obstruction did not prevent the reduction under subsection (a), it was not free to revisit the obstruction issue again under subsection (b).

-4-

Here, similarly, the fact that the defendants required the government to go to trial on the suppression motion might have been relevant under subsection (a) in determining whether they had "accepted responsibility." In *United States v. Maldonado*, 42 F.3d 906 (5th Cir. 1995), the district court denied a sentencing reduction under subsection (a) on facts nearly identical to those here: the defendant put the government to trial on a suppression motion, but waived his right to a jury trial and otherwise stipulated to all of the relevant facts. We upheld the court's decision. Had the government appealed the reduction under subsection (a) in this case, we might very well have reversed on the strength of *Maldonado*. But the government did not appeal the reduction under subsection (a). Having determined (however reluctantly) that Leal and Galindo qualified for the two-point reduction under subsection (a), the district court was not entitled to revisit that decision in considering subsection (b). As such, the only remaining relevant questions were (1) whether the offense level was greater than 16 and (2) whether Leal and Galindo either timely provided complete information to the authorities or timely entered a guilty plea.

Neither Leal nor Galindo entered a guilty plea. *United States v. Gonzales*, 19 F.3d 982, 984 (5th Cir. 1994) (holding that a bench trial on stipulated facts in lieu of a conditional guilty plea does not constitute a "guilty plea" for the purposes of the sentencing guidelines). But each defendant timely provided complete information to the authorities. They each freely and willingly gave statements to the DEA at their first interviews, the morning after their arrests. Aside from the fact of the car chase itself, apparently the only facts used at trial were those provided by the defendants. As such, because the offense level for each defendant exceeded 16, they were entitled to the full three-level reduction under § 3E1.1(b)(1). We VACATE the defendants' sentences and REMAND for re-sentencing in light of this opinion.

Leal and Galindo also challenge the district court's determination under U.S.S.G. § 3B1.2 that they played more than a "minor" or "minimal" role. We review the district court's decision on this point under the clearly erroneous standard. *United States v. Giraldi*, 86 F.3d 1368, 1378 (5th Cir. 1996). Given that Leal and Galindo were paid a substantial sum and moved a large quantity of drugs, the district court did not clearly err in finding that they were more than "minor" participants.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.