IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50552
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO ESPINOZA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1420-4-PRM
- - - - - - - - - -
March 7, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Espinoza appeals his sentence, following his guilty-plea conviction of conspiracy to possess cocaine with intent to distribute, a violation of 21 U.S.C. § 846.

Espinoza argues that the district court clearly erred in denying him a three-level reduction under U.S.S.G. § 3E1.1. The district court's determination that Espinoza failed to show that he had accepted responsibility was not "without foundation." See United States v. Brace, 145 F.3d 247, 264 (5th Cir. 1998)

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(en banc).  Although Espinoza, in pleading guilty, agreed that most of the factual basis that was read at his rearraignment was correct, he later moved to withdraw his guilty plea, asserting his innocence.  He then continued to deny that he even knew that cocaine was the drug involved in the offense.  This conduct did not amount to "sincere contrition regarding the full extent of . . . [his criminal] conduct."  See United States v. Diaz, 39 F.3d 568, 572 (5th Cir. 1994) (internal quotation marks and citation omitted).

Espinoza also contends that the district court erred in denying him a two-level reduction under U.S.S.G. § 3B1.2(b) for "minor" participation in the offense.  He emphasizes that he only provided temporary storage for the 1,188 kilograms of cocaine, whereas "average" participants were responsible for arranging the transportation of the cocaine load into and out of the warehouse he had rented.  The district court did not clearly err in determining that Espinoza's role was "fairly important."  See United States v. Leal-Mendoza, 281 F.3d 473, 477 (5th Cir. 2000).  Within the context of transporting the single load of cocaine, Espinoza failed to sustain his burden of showing that he was "substantially less culpable" than the average participant.  See United States v. Garcia, 242 F.3d 593, 598-99 (5th Cir. 2001); United States v. Marmolejo, 106 F.3d 1213, 1217 (5th Cir. 1997).

The conviction and sentence are AFFIRMED.