United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51328
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARCUS JAMES REEVES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1233-1-PRM
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marcus Reeves appeals his sentence from a guilty-plea conviction on four counts of drug-related offenses. Reeves argues that the district court misapplied the Sentencing Guidelines by failing to consider whether he was entitled to an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

Under U.S.S.G. § 3E1.1(b), once the district court determined that Reeves qualified for the two-level reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 3E1.1(a), the only remaining questions were (1) whether his offense level was greater than 16 and (2) whether he either had timely provided complete information to the Government concerning his own involvement in the offense or had timely entered a guilty plea.  See United States v. Leal-Mendoza, 281 F.3d 473, 476 (5th Cir. 2002).  The district court erred in failing to conduct this mandatory inquiry.  See id.

Reeves did not object to the precise issue of the court's mandatory duty to consider the additional one-level reduction under U.S.S.G. § 3E1.1(b).  This issue is therefore reviewed for plain error.  See FED. R. CRIM. P. 52(b); United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).  The key inquiry under plain error review is whether the district court *could* have imposed the same sentence absent the error.  See United States v. Wheeler, 322 F.3d 823, 827-28 (5th Cir. 2003) (citation omitted, emphasis in original).  In this case, the sentence imposed by the district court was within the appropriate guidelines range, and therefore the district court could have imposed the same sentence absent the error.  See Wheeler, 322 F.3d at 828.  Accordingly, the judgment and sentence of the district court are AFFIRMED.