United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10068
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

STEVEN FLORES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-114-7-A
--------------------

Before JOLLY, WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Steven Flores appeals his guilty-plea conviction for transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II).  He argues that the district court erred in refusing to adjust his offense level downward by two levels for acceptance of responsibility because he refused to submit to a presentence interview by a probation officer.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

If a defendant "clearly demonstrates acceptance of responsibility for his offense," the sentencing guidelines instruct the district court to decrease the defendant's offense level by two points. U.S.S.G. §3E1.1(a). Whether a defendant has sufficiently demonstrated acceptance of responsibility is a factual question, and the standard of review is even more deferential than "clear error." United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996). This court will affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is "without foundation." United States v. Hooten, 933 F.2d 293, 297-98 (5th Cir. 1991).

We have recognized the refusal to debrief a probation officer as a factor in deciding whether to apply the adjustment for acceptance of responsibility, and, most recently, we have stated that a defendant's refusal to make a statement of acceptance of responsibility to a probation officer called his sincerity into question. See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002); United States v. Chapa-Garza, 62 F.3d 118, 123 (5th Cir. 1995); United States v. Medina-Anicacio, 325 F.3d 638, 648 (5th Cir. 2003). Having reviewed the record in this case, we hold that the district court's refusal to grant the adjustment was not without any foundation. See U.S.S.G. § 3E1.1, comment (n.3); Hooten, 933 F.2d at 297-98. Flores also has not shown reversible error by arguing that he exercised his right to remain silent with the probation officer because mistakes or

inadvertent omissions during a presentence interview can lead to additional jail time.  See United States v. Kleinebreil, 966 F.2d 945, 953 (5th Cir. 1992).

We note that the district court's refusal to apply the adjustment is also supported by the lack of timeliness in Flores manifesting his acceptance of responsibility.  See U.S.S.G. § 3E1.1, comment (n.1(h)); United States v. Diaz, 39 F.3d 568, 572 (5th Cir. 1994); see also Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981)(reversal is inappropriate if ruling of the district court can be affirmed on any grounds, regardless whether those grounds were used by the district court).  Flores' sentence is AFFIRMED.