United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41702
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EUGENE KELING,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-500-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert Eugene Keling appeals his conviction and sentence for possession with intent to distribute cocaine. He concedes that the issue whether Apprendi v. New Jersey, 530 U.S. 466 (2000) rendered 21 U.S.C. § 841 unconstitutional is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), and he raises that issue only to preserve its review by the Supreme Court. We are indeed bound by Slaughter absent an intervening Supreme Court decision or a subsequent en banc

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision.  See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Keling additionally contends that the district court clearly erred in its finding that he was not entitled to a role adjustment under U.S.S.G. § 3B1.2.  The record supports the district court's finding that Keling was a key figure in transporting the cocaine.  One month prior to his arrest, Keling purchased the car he was driving for the specific purpose of drug trafficking with monies he received from other participants in the offense; he registered the vehicle to the address of the Gateway Hotel in Laredo, Texas; and he was to be paid between $5,000 and $10,000 for his role in transporting roughly 70 pounds of cocaine from Mexico to Houston, Texas.  Consequently, the district court's refusal to find that he was a "minimal" or "minor" participant was not clear error.  See United States v. Leal-Mendoza, 281 F.3d 473, 477 (5th Cir. 2002).

AFFIRMED.