United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40265
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NUVIA LETICIA GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-245-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Nuvia Leticia Garcia appeals her guilty-plea conviction and sentence for possession of more than five kilograms of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) and (b)(1).

Garcia argues that the district court clearly erred in refusing to grant her a two-level "minor role" reduction under U.S.S.G. § 3B1.2(b), based on her having been only a drug courier. She also maintains--for the first time on appeal--that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court abused its discretion by denying a minor-role reduction based on a personal, fixed policy of *always* denying such reductions to drug couriers. Insofar as Garcia directly challenges the denial of the reduction, the district court did not clearly err. See Leal-Mendoza, 281 F.3d 473, 477 (5th Cir. 2002). The court's having noted that Garcia was transporting a large quantity of drugs and that she had done so before were sufficient to support the denial. See, e.g., id.; United States v. Marmolejo, 106 F.3d 1213, 1217 (5th Cir. 1997).

Garcia's challenge to the district court's reliance on a personal "fixed policy" of denying U.S.S.G. § 3B1.2(b) reductions to all drug couriers is reviewable for plain error only. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); United States v. Olano, 507 U.S. 725, 732 (1993). The district court judge in the instant case stated he has "always" denied the reduction to drug couriers and "always will continue to deny it." It is at least arguable that the district judge's explicit reliance on a personal policy of denying the minor-role reduction to all drug couriers is an improper abdication of the his judicial responsibility to address the individualized record of each defendant when imposing sentence. See United States v. Hartford, 489 F.2d 652, 655 (5th Cir. 1974); United States v. Clements, 634 F.2d 183, 186-87 (5th Cir. 1981); United States v. Johnson, 33 F.3d 8, 10 (5th Cir. 1994). Nonetheless, under the

2

plain-error standard, Garcia has established neither that any such error was "clear" or "obvious" nor that her "substantial rights" were affected thereby. See Olano, 507 U.S. at 734 (substantial rights are affected only if error "affects the outcome of the proceeding").

For the first time on appeal, Garcia also maintains that the sentencing scheme of 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As Garcia concedes, her argument is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). She raises the issue only to preserve it for possible further review.

The judgment of the district court is AFFIRMED.