United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-40272
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROGELIO RIGOBERTO MORALES-SANTAMARIA,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-290-1)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rogelio Rigoberto Morales-Santamaria appeals his guilty-plea conviction and sentence for possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Morales contends that the district court erred in refusing to grant his request for a two-level "minor role" reduction under Sentencing Guidelines § 3B1.2(b). He asserts that the district court abused its sentencing discretion by relying on a fixed policy of denying the reduction to drug couriers. Morales maintains that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's *de facto* policy amounts to an improper personal disagreement with the Sentencing Commission's conclusions about the eligibility of drug couriers for the reduction. He seeks a remand to a different judge for resentencing.

We review for clear error the denial of an adjustment for a minor role. *E.g.,* **United States v. Gaytan**, 74 F.3d 545, 561 (5th Cir.), *cert. denied*, 519 U.S. 821 (1996). Morales contends, however, that our review is for abuse of discretion where, as here, a district judge fails to properly exercise his discretion by instead sentencing according to a blanket policy. **United States v. Hartford**, 489 F.2d 652, 655 (5th Cir. 1974). Although the district judge's statement that he "steadfastly refuses" to grant a minor role reduction to drug couriers reflects such a policy, *see* **United States v. Garcia**, No. 03-40265, 2003 WL 22120983 (5th Cir. 2003), the record also reflects that the district judge requested argument about Morales' role in the drug trafficking and considered factors specific to his case before deciding Morales was not entitled to the reduction. Therefore, the stated policy of always refusing the minor role reduction was of no effect; we review for clear error.

The record reflects that Morales transported a large quantity of heroin (1.6 kilograms) and traveled over 400 miles to do so. The district court also properly considered the scope of Morales' drug trafficking offense in the larger picture of drug trafficking in this Country. **United States v. Buenrostro**, 868 F.2d 135, 138

2

(5th Cir. 1989).  In the light of the facts, the district court did not clearly err in finding Morales not entitled to a minor role reduction.  "[S]ome couriers may appropriately receive the reduction; ... all couriers are [not] entitled to a downward adjustment".  *Id.*

For the first time on appeal, Morales also maintains that the sentencing scheme of 21 U.S.C. § 841 is facially unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Morales concedes that his contention is foreclosed by *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000).  He raises the issue only to preserve it for possible further review.

*AFFIRMED*