United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-50267
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

MANUEL GUTIERREZ-ROCHA,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1880-1-PRM
-----------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Manuel Gutierrez-Rocha ("Gutierrez") appeals his guilty-plea convictions and sentences for

conspiracy to import 50 kilograms or more of marijuana, importation of 50 kilograms or more of

marijuana, conspiracy to possess with intent to distribute 50 kilograms or more of marijuana, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possession of 50 kilograms or more of marijuana with intent to distribute, violations of 21 U.S.C. §§ 963, 952, 960, 846, and 841. Gutierrez was sentenced to concurrent 30-month prison terms and three-year supervised-release terms.

Gutierrez argues that the district court erred in denying him a two-level offense-level reduction for being a "minor participant," under U.S.S.G. § 3B1.2(b), as his only involvement in the offense had been to transport a single load of marijuana from Mexico into the United States. The district court did not clearly err in determining that a drug courier's role in transporting a relatively large quantity of drugs, even if only on a single occasion, did not warrant a minor-role adjustment. See United States v. Leal-Mendoza, 281 F.3d 473, 477 (5th Cir. 2002); United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989).

Gutierrez also contends that the district court erred in denying him a reduction based on U.S.S.G. § 5C1.2(a)'s "safety valve" criteria, pursuant to U.S.S.G. § 2D1.1(b)(6). Because Gutierrez's version of his offense conduct still contained inconsistencies at the time of sentencing, and because his story was also in conflict with statements given by his codefendant (who was also his wife), the district court did not clearly err in concluding that Gutierrez had not truthfully provided all relevant information about the offense, as required by § 5C1.2(a)(5). See United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.