United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41643
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMANDA OCHOA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-109-2
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Amanda Ochoa appeals the sentence imposed following her guilty-plea conviction for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. She argues that the district court clearly erred by not granting her a reduction in her offense level for being a minor or minimal participant under U.S.S.G. § 3B1.2 because she was merely a drug courier.

Following United States v. Booker, 543 U.S. 220 (2005), we continue to review "a district court's interpretation and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of the Guidelines in the same manner as we did pre-Booker." United States v. Villegas, 404 F.3d 355, 362 n.7 (5th Cir. 2005). A district court's determination of a defendant's role in the offense is a factual finding that we review for clear error. United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000).

Ochoa admitted that she and her co-defendant were to receive a substantial amount of money for transporting a large quantity of drugs. Under these circumstances, the district court did not clearly err by refusing to grant Ochoa a reduction as a minor or minimal participant. See United States v. Leal-Mendoza, 281 F.3d 473, 477 (5th Cir. 2002).

AFFIRMED.