# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-50757
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA ANGELICA CASTANEDA-GARCIA,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-73-1

—————

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Maria Angelica Castaneda-Garcia appeals the 30-month sentence she received following her guilty-plea conviction for aiding and abetting the transportation of illegal aliens, in violation of 8 U.S.C. § 1324. She challenges the district court's assessment of a four-point offense-level increase, pursuant to U.S.S.G. § 2L1.1(b)(4), due to the offense involving the transportation of an unaccompanied minor, as well as the district court's failure to reduce her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level by two points under U.S.S.G. § 3E1.1 for acceptance of responsibility.

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010). "A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole." *United States v. Ruiz-Hernandez*, 890 F.3d 202, 212 (5th Cir. 2018) (internal quotation marks and citation omitted), *cert. denied*, 139 S. Ct. 278 (Oct. 1, 2018).

Section 2L1.1(b)(4) provides for a four-level increase to a defendant's base offense level "[i]f the offense involved the smuggling, transporting, or harboring of a minor who was unaccompanied by the minor's parent, adult relative, or legal guardian." U.S.S.G. § 2L1.1(b)(4). The Presentence Report (PSR) based its finding that one of the aliens Castaneda-Garcia transported was an unaccompanied minor on investigative reports and information provided by the Government establishing the following: that one of the aliens was under the age of 18 at the time of the offense; that he was deported without being prosecuted for immigration offenses (the usual course for juvenile aliens); that he was from Guatemala, whereas the other seven aliens in Castaneda-Garcia's vehicle were from Mexico; and that none of the other aliens shared a common name with him, meaning that there was no indication that they were related. Castaneda-Garcia presented no evidence to rebut the findings in the PSR, and she points to nothing in the record to support her argument that the findings are materially unreliable or untrue. Consequently, she fails to show that the district court's finding that her offense involved an unaccompanied minor, based on the unrebutted evidence in the PSR, was clearly erroneous. *See Ruiz-Hernandez,* 890 F.3d at 212; *see also United States*

*v. Ruiz,* 621 F.3d 390, 396 (5th Cir. 2010); *United States v. Rodriguez,* 602 F.3d 346, 363 (5th Cir. 2010).

Castaneda-Garcia additionally contends that the district court erred in denying her credit for acceptance of responsibility, urging that she truthfully admitted her guilt, did not falsely deny any relevant conduct, and voluntarily terminated all criminal conduct.  A defendant may receive a reduction in offense level pursuant to § 3E1.1 if she "clearly demonstrates acceptance of responsibility for [her] offense."  U.S.S.G. § 3E1.1(a).  It is the defendant's burden to show that the reduction is warranted.  *United States v. Watson,* 988 F.2d 544, 551 (5th Cir. 1993).  "While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference."  *United States v. Buchanan,* 485 F.3d 274, 287 (5th Cir. 2007).  We will affirm the district court's decision not to grant a defendant a reduction for acceptance of responsibility unless that decision is "without foundation."  *United States v. Juarez-Duarte,* 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

The district court refused to award Castaneda-Garcia a two-level reduction under § 3E1.1 because her plea was not timely, noting that she was arrested on February 20, 2018, missed multiple court-imposed deadlines for pleading guilty, and waited until May 31, 2018, days before trial, to plead guilty, requiring the Government to expend resources preparing for trial. Castaneda-Garcia has not shown that the district court's refusal to award a § 3E1.1 reduction due to her untimely plea was without foundation.  *See United States v. Diaz,* 39 F.3d 568, 572 (5th Cir. 1994) (upholding a district court's consideration of the timeliness of the defendant's plea in denying a reduction

No. 18-50757

for acceptance of responsibility); U.S.S.G. § 3E1.1 cmt. n.1(H); *see also Juarez-Duarte*, 513 F.3d at 211.

Accordingly, appellant's sentence is AFFIRMED.