# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50473

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELMO D'SHON STARLING,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-5-1

Before CLEMENT, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Elmo D'Shon Starling was indicted for being a felon in possession of a firearm, and eventually pleaded guilty. The district court denied him a reduction for acceptance of responsibility, which he now appeals. We affirm.

## FACTS AND PROCEEDINGS

On January 3, 2018, Starling was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court set a plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deadline of February 22, 2018, and a trial date of March 5, 2018. At a status conference on February 21, Starling informed the court that he had declined a plea offer, was ready for trial, and intended to file a motion to suppress. On February 22, the district court moved the trial date up to February 28. However, after Starling filed a motion to suppress that same day, the court scheduled a hearing on the motion for February 28 (a Wednesday) and re-set the trial date to March 5 (the following Monday).

On February 28, the district court denied Starling's motion to suppress. That same day, the government filed a superseding indictment, which added aiding and abetting to the felon-in-possession charge. The next day, March 1, at a rearraignment hearing, Starling initially pleaded not guilty. He then asked for a new scheduling order with a new plea deadline, arguing the superseding indictment was substantively different from the initial indictment. The district court denied this request. After a brief recess, Starling pleaded guilty to the superseding indictment.

The presentence report ("PSR") did not provide for an offense-level reduction for acceptance of responsibility pursuant to U.S.S.G § 3E1.1. The PSR stated that while the scheduling order "required [Starling] to plea by February 22," he "waited until March 1 . . . to notify the Court and the [g]overnment of his intent to plead guilty. Therefore, his late plea forced the [g]overnment to waste resources preparing for trial." Starling objected, contending that the timeliness of the plea was only one factor of several that should be considered under § 3E1.1(a), and that waste of government resources is only relevant to the § 3E1.1(b) reduction (for which he was ineligible). The probation officer responded in an addendum that timeliness was an appropriate consideration and that Starling had waited until the Thursday before his Monday trial to plead guilty. The addendum further stated that Starling's "late plea forced the [g]overnment to waste resources preparing for

trial" and that the government had offered Starling a plea agreement in which it would recommend a one-point reduction for acceptance of responsibility, but he declined.

At the sentencing hearing, the district court overruled Starling's objection for the reasons stated in the addendum. The court found that Starling's base offense level was 14 and criminal history category was IV and sentenced him within the Guidelines range to 33 months imprisonment. Starling timely appealed.

## STANDARDS OF REVIEW

"We review the district court's legal interpretation of the Sentencing Guidelines *de novo* and factual findings for clear error." *United States v. Castillo*, 779 F.3d 318, 321 (5th Cir. 2015). "However, determinations regarding whether the defendant is entitled to a reduction for acceptance of responsibility are reviewed with particular deference." *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019). We "will affirm the denial of a reduction for acceptance of responsibility unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *Id.* (quotation omitted). "The defendant bears the burden of proving entitlement to a decrease in offense level for acceptance of responsibility." *United States v. Ragsdale*, 426 F.3d 765, 781 (5th Cir. 2005).

## DISCUSSION

Starling's first argument is that the district court misinterpreted § 3E1.1 by relying on the timeliness of his plea and its effect on government resources in denying him the two-level reduction under § 3E1.1(a). A defendant may receive a reduction in offense level under § 3E1.1(a) if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). If the defendant qualifies under subsection (a) and his offense level prior to application of that subsection is 16 or greater, a further reduction may be

applied upon the government's motion "stating that the defendant . . . timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.* § 3E1.1(b).

The commentary to the Guidelines states that timeliness "is a consideration under *both* subsections" of § 3E1.1. *Id.* § 3E1.1 cmt. n.6 (emphasis added); *see also id.* cmt. n.1(h); *United States v. Diaz*, 39 F.3d 568, 572 (5th Cir. 1994) ("[T]he consideration of timeliness is expressly allowed."). As such, the district court did not err in considering the timeliness of Starling's plea. Because the district court's decision was based on a permissible factor, we need not determine whether consideration of government resources was erroneous. *Diaz*, 39 F.3d at 571 ("The district court's consideration of an irrelevant factor . . . is not fatal if there is some other reason to be found that supports the court's decision . . . ." (quotation omitted)); *see also United States v. Wilder*, 15 F.3d 1292, 1299 (5th Cir. 1994) ("Moreover, Wilder did not agree to plead guilty until the eve of trial, thereby putting the government to much effort and expense preparing for trial.").

Starling also contends that the district court's determination was without foundation. We disagree. Waiting until the eve of trial, as Starling did here, "is more than enough to warrant rejecting [his] claim." *United States v. Moreno*, 760 F. App'x 266, 272 (5th Cir. 2019) (per curiam); *see also United States v. Castaneda-Garcia*, No. 18-50757, --- F. App'x ---, 2019 WL 2395130, at *2 (5th Cir. June 5, 2019) (per curiam) ("Castaneda-Garcia has not shown that the district court's refusal to award a § 3E1.1[a] reduction due to her untimely plea was without foundation."); *Diaz*, 39 F.3d at 572 ("Given this delay [until the morning of trial], the district court did not err in finding that Defendants were untimely in manifesting the acceptance of responsibility." (quotation omitted)).

No. 18-50473

The superseding indictment does not alter this analysis. "Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit." *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). As the district court found, the superseding indictment did not substantively change the charge against Starling by adding the aiding and abetting language. Instead, it appears merely to have made clearer to Starling the prosecution's theory of the case, in the face of which he decided to plead guilty. *Cf. United States v. Hollis*, 823 F.3d 1045, 1049 (6th Cir. 2016) (per curiam) ("[T]imeliness may be an appropriate consideration under subsection (a) when the lateness of the defendant's plea indicates that the defendant is pleading guilty because the government's case has turned out to be strong and not because he or she truly accepts responsibility.").[1] The district court's denial of a two-level reduction is not without foundation.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[1] Starling's reliance on *United States v. Washington*, 340 F.3d 222 (5th Cir. 2003), fairs no better, as that case is inapposite. This court held that a defendant may seek to suppress evidence and still receive a reduction under § 3E1.1. *Id.* at 228–29. It did not address timeliness.

5