# United States Court of Appeals for the Fifth Circuit

No. 24-20315
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALVARO HIGINIO PEREZ-AGUILAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-94-1

Before RICHMAN, DOUGLAS, and RAMIREZ, *Circuit Judges*.
PER CURIAM:[*]

Alvaro Higinio Perez-Aguilar was sentenced to seventy-two months of imprisonment after pleading guilty to reentering the United States illegally, an offense under 8 U.S.C. § 1326(a) and (b)(2). On appeal, he contends that the district court erred in declining to grant him a reduction for acceptance of responsibility.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20315

A district court's denial of a reduction for acceptance of responsibility is ordinarily "reviewed with particular deference." *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019). This court will affirm the denial "unless it is 'without foundation, a standard of review more deferential than the clearly erroneous standard.'" *Id.* (quoting *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (per curiam)). Here, however, Perez-Aguilar's objection did not preserve the specific argument he raises—that the district court improperly relied on his criminal history. *See United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017). Accordingly, we review under the familiar plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Perez-Aguilar's reliance on *United States v. Diaz*, 39 F.3d 568, 571 (5th Cir. 1994), is misplaced because the district court here did not rely on the "bare fact" of Perez-Aguilar's convictions. The district court reasonably could have concluded that, in light of Perez-Aguilar's history and his conduct in this case, his acceptance of responsibility did not represent sincere contrition. *See United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003). Even under the ordinary standard of review, the district court's decision was not "without foundation." *Lord*, 915 F.3d at 1020. It was not clearly or obviously so. *See Puckett*, 556 U.S. at 135.

AFFIRMED.