# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

Lyle W. Cayce
Clerk

No. 09-10683
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES GAYFORD,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-350-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Gayford appeals the sentence imposed after he pleaded guilty of being a felon in possession of firearms.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gayford argues that the guideline calculation was incorrect because the government improperly refused to move for a third-level reduction for acceptance of responsibility. We begin our review of a sentence by examining whether the district court committed any procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The government's refusal to file a motion for the third-level reduction may be successfully challenged only if "the refusal was (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *United States v. Newson*, 515 F.3d 374, 378 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 128 S. Ct. 2522 (2008).

Nothing in the record suggests that the government was "animated by an unconstitutional motive," and Gayford does not contend that it was. He had the burden of showing entitlement to any reduction for acceptance of responsibility. *See United States v. Tello*, 9 F.3d 1119, 1124 (5th Cir. 1993). To obtain credit for acceptance of responsibility, a defendant must do more than admit the minimum facts establishing the bare elements of the offense; he must truthfully admit the criminal conduct and demonstrate sincere contrition for the full extent of his conduct. *United States v. Diaz*, 39 F.3d 568, 571-72 (5th Cir. 1994). With regard to the third-level reduction under subsection (b), "the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial." U.S.S.G. § 3E1.1, comment. (n.6) (Nov. 2008).

Gayford was charged with possession of two guns, yet he filed his own factual basis admitting possession of only one. He waited until two weeks before sentencing to try to accept the government's earlier offer of the third-level reduction in exchange for a waiver of appeal. In a sentencing memorandum and at sentencing, he persistently sought to minimize his culpability, requiring the government to prepare testimony establishing the full factual basis for the conviction. Thus he did not manifest contrition for the full extent of his conduct. *See*

*Diaz*, 39 F.3d at 571-72. He has failed to carry burden of showing entitlement to the third-level reduction. *See United States v. Tello*, 9 F.3d 1119, 1124 (5th Cir. 1993); § 3E1.1, comment. (n.6).

Further, any error was harmless. The district court acknowledged that it could not grant the third-level reduction without a motion from the government, but it nonetheless explained that it was exercising its discretion effectively to grant the reduction by choosing the sentence that it imposed. The record shows that the government's refusal to move for the reduction did not affect the sentence. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

For his second and third contentions, Gayford argues that the court committed plain error by imposing special conditions of supervised release that require him to participate in substance-abuse treatment, undergo testing, and abstain from alcohol and other intoxicants. As Gayford concedes, review is for plain error, because he did not object to the conditions when they were announced at sentencing. *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir.), *cert. denied*, 130 S. Ct. 300 (2009). To show plain error, Gayford must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See id.*

The presentence report noted that Gayford faced pending charges for drug crimes. Because the court had reason to believe that he abuses controlled substances, it could require participation in a drug-abuse treatment program, *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002), and restrict Gayford's access to other substances, including alcohol and legal drugs presenting a danger of addiction, *see United States v. Ferguson*, 369 F.3d 847, 853 (5th Cir. 2004). The district court did not commit clear or obvious error by imposing the special conditions concerning drugs and alcohol. *See Weatherton*, 567 F.3d at 153; *Ferguson*, 369 F.3d at 853.

3

For his final contention, Gayford asserts that the district court committed plain error by ordering that his federal sentence be served consecutively to any prospective state sentences.  He concedes that relief is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991), *overruled on other grounds*, *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), which held that a federal district court may require that a federal sentence run consecutively to an anticipated state sentence.

The judgment of sentence is AFFIRMED.