**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2011

No. 09-51070

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFI WALI MCCALL,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-cr-96

Before GARWOOD, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rafi Wali McCall challenges his 240-month sentence for distribution of crack cocaine and the specific conditions of his supervised release. Finding no plain error, we AFFIRM.

STATEMENT OF FACTS

Rafi Wali McCall was charged in a two-count indictment with distributing 50 grams or more of crack cocaine within 1,000 feet of an elementary school in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 860. A jury convicted

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51070

McCall of both counts. The district court sentenced him to concurrent terms of 262 months of imprisonment and 20 years of supervised release. The district court imposed the following conditions of supervised release: "the defendant shall abstain from the use of alcohol and/or other intoxicants during the term of supervision" and McCall "shall establish an account with the Texas Attorney General's office for the support of his minor children."

McCall appealed, challenging the evidentiary sufficiency of the convictions and the district court's evidentiary rulings. This court determined that the evidence was insufficient to sustain the jury's finding that McCall distributed the controlled substances within 1,000 feet of a school and reversed his 21 U.S.C. § 860 conviction. We affirmed the conviction for violating Sections 841(a)(1) and (b)(1)(A) and remanded for resentencing.

At resentencing, the district court imposed concurrent terms of 240 months of imprisonment and 10 years of supervised release. The district court imposed the same conditions of supervision. McCall timely appealed.

DISCUSSION

McCall raises the following challenges to his sentence and supervised release conditions: (1) the district court erred in requiring him to establish an account with the Texas Attorney General's office for the support of his minor children, (2) the statute that allows a district court to require a defendant to support his dependents is unconstitutional, (3) the district court erred in prohibiting him from consuming any alcohol while on supervised release, and (4) his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the prior conviction used to enhance his sentence was not admitted by him nor proved beyond a reasonable doubt.

Both parties assume plain error review applies because McCall did not object contemporaneously to the conditions of supervised release or raise the *Apprendi* issue in the district court. Even so, the parties cannot by concession

No. 09-51070

impose an errant standard of review on us. *See United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992). We first decide whether McCall's failure to object to the alleged errors constitutes waiver or only forfeiture. This finding is necessary to determine the appropriate standard of review.

"Waiver and forfeiture are two different means by which a defendant may react [or fail to react] to an error made by the government or the district court in the proceedings in his case." *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002). "Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment of a known right." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (citation omitted). "Forfeited errors are reviewed under the plain error standard; waived errors are entirely unreviewable." *Id*. (citation omitted).[1]

McCall did not present the errors he now raises either time he was sentenced. There is no evidence, though, that McCall knew his rights and intentionally relinquished them. McCall's failure to object at sentencing constitutes forfeiture rather than waiver. *See id*. Plain error review applies to forfeited errors. *Id*.

To establish reversible plain error, McCall must show that the district court committed a "clear or obvious" error that affected both his substantial rights and "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006) (citation omitted).

*I. Child Support*

The district court required McCall, as a condition of his supervised release, to establish an account with the Texas Attorney General's office for the support of his minor children. McCall contends that his only child, as of the date of

---

[1] There are opinions that may not be completely faithful to this distinction, at least in the use of the terms. *See, e.g., United States v. Castillo*, 179 F.3d 321, 326 (5th Cir. 1999), *rev'd on other grounds*, 530 U.S. 120 (2000). The distinction nonetheless is real and important.

No. 09-51070

sentencing, presumably will be an adult by the time he is released from prison and begins his term of supervised release. McCall asserts that this condition is improper because he has no legal obligation to provide financial support to an adult child. He also insists that the district court cannot require him to pay past-due child support after his child reaches adulthood because there is no evidence McCall previously was ordered by the state to pay child support.

Contrary to McCall's contention, neither the district court's oral pronouncement at sentencing nor the written judgment of conviction require him to provide financial support to a child who has reached adulthood or pay past-due child support for any child in the absence of a state court order establishing the existence of such an obligation. McCall's duty to establish an account for his minor children does not arise until he is released from imprisonment and while on supervised release. Therefore, if McCall commences his supervised release term after serving the full 240 months of imprisonment, that specific condition would be inapplicable to his existing child because that child would no longer be a minor.

McCall has failed to demonstrate that the supervised release condition requiring he establish an account with the Texas Attorney General's office for the support of his minor children constitutes reversible plain error.

McCall also challenges the constitutionality of 18 U.S.C. §§ 3563(b)(1), 3583(d), and U.S. Sentencing Guidelines Manual § 5D1.3, which authorize district courts to require a defendant to support his dependents as a discretionary condition of supervised release. He contends that family law is a state concern and that Section 3563(b)(1) circumvents the state's authority to order payment of child support. McCall reasons that Congress intended only to have district courts enforce already existing state-court-issued child support orders. We disagree.

4

No. 09-51070

Congress has expressly authorized a district court to require a defendant, as a condition of supervised release, to "support his dependents and meet other family responsibilities . . . ." 18 U.S.C. § 3563(b)(1). A separate provision, Section 3563(b)(20), pertains to existing child support orders: a court may require as a condition of supervised release that the defendant "comply with the terms of any court order . . . pursuant to the law of a State . . . requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living . . . ." *Id.* § 3563(b)(20).

Further, the challenged sentencing Guideline provides that

the defendant shall support [his] dependents and meet other family responsibilities (*including, but not limited to*, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living)[.]

U.S. Sentencing Guidelines Manual § 5D1.3(c)(4) (emphasis added).

Despite McCall's federalism argument, the statutory language demonstrates that Congress intended for district courts to have authority beyond merely enforcing existing state court child support orders. Moreover, the statutory language and sentencing guidelines do not conflict with or circumvent state authority but instead defer to it. We find no error, plain or otherwise.

II. *Alcohol Prohibition*

The district court also imposed the following condition of supervised release: "the defendant shall abstain from the use of alcohol and/or other intoxicants during the term of supervision." McCall contends that the district court erred when it prohibited him from consuming alcohol as a condition of his supervised release. He does not challenge the prohibition against "other intoxicants." Instead, he urges that although there was evidence he used

5

No. 09-51070

marijuana, there was no evidence he abused alcohol or that alcohol played a role in the offense. That restriction, according to McCall, is unreasonable and constitutes plain error.

The district court has wide discretion in imposing conditions of supervised release, limited by 18 U.S.C. § 3583(d). *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). Special conditions of supervised release must be "reasonably related" to four factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

*Id*. at 165 (citing 18 U.S.C. § 3553(a)(1)-(2)) (brackets and quotation marks omitted). This court has interpreted Section 3583(d) "only to require a reasonable relationship with any of the four factors[,] not necessarily all of them[.]" *United States v. Weatherton*, 567 F.3d 149, 153 n.1 (5th Cir. 2009) (citation omitted). The conditions may involve no greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals. *See* 18 U.S.C. § 3583(d)(2).

The government relies on a case where this court considered the defendant's history of drug abuse in affirming the conditions of supervised release. *United States v. Ferguson*, 369 F.3d 847, 853 (5th Cir. 2004). In that case, although the defendant's conviction involved possession of a machine gun, conditions of supervised release were imposed that prohibited the defendant from taking cough syrups with codeine, NyQuil, or sleeping potions with drugs and alcohol without a prescription. *Id*. The district court noted the defendant's history of drug abuse and found that he "[was] dependent on external stimulation and ha[d] demonstrated that he is likely to hurt people while he's

being externally stimulated." *Id.* (quotation marks omitted).  On appeal, this court held that in light of the defendant's history of drug abuse, the district court did not abuse its discretion by requiring a prescription for certain drugs, because those drugs contain chemicals that may be addictive.  *Id.*

In a similar case, this court upheld special conditions of supervised release that required the defendant participate in substance abuse treatment, undergo drug testing, and abstain from alcohol and other intoxicants.  *United States v. Gayford*, 380 F. App'x 442, 444 (5th Cir. 2010) (unpublished).  We conclude that *Gayford* properly analyzes the relevant issues.  The defendant in that case pled guilty to being a felon in possession of firearms.  *Id.* at 443. The presentence report revealed that the defendant faced pending charges for drug crimes.  *Id.* at 444.  This court held that "[b]ecause the [district] court had reason to believe that [the defendant] abuses controlled substances, it could require participation in a drug-abuse treatment program, . . . and restrict [the defendant]'s access to other substances, including alcohol and legal drugs presenting a danger of addiction."  *Id.* (citations omitted).

Here, the presentence report indicates that McCall consumed alcohol daily in 1995 when he was 16-years old.  His last reported use was one year later.  There is no evidence in the record that alcohol was involved in any of his prior or current offenses.  McCall, however, does have a history of abusing marijuana.  Many of his prior offenses involve marijuana possession.  At his original sentencing, counsel requested that McCall receive treatment for his abuse of marijuana while incarcerated.  Based on McCall's own admissions, the district court had reason to believe McCall currently abused a controlled substance.  We cannot say the district court committed clear or obvious error by prohibiting McCall from consuming alcohol, a substance that also presents a danger of addiction.  *See id.*

III.  *Apprendi v. New Jersey*

No. 09-51070

McCall asserts that his enhanced sentence, as a result of his prior convictions, is unconstitutional without a jury finding he committed those prior convictions beyond a reasonable doubt. *See Apprendi*, 530 U.S. at 483-84. McCall concedes the argument is foreclosed by Supreme Court precedent, but raises it to preserve the issue for Supreme Court review. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

AFFIRMED.