**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2013

No. 12-41408

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

NORMA ALVAREZ–SALDANA,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-203-1

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Norma Alvarez–Saldana appeals the district court's imposition of a three-year term of supervised release as part of her criminal sentence.  For the following reasons, we AFFIRM.

## Background

Norma Alvarez–Saldana, a Mexican national, pleaded guilty to being found unlawfully in the United States after having been previously deported, in violation of 8 U.S.C. § 1326.  The presentence report ("PSR") calculated her total

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41408

offense level as twenty-two with a criminal history score of IV, resulting in a guidelines range of sixty-three to seventy-eight months of imprisonment. The PSR also indicated that the guidelines range for supervised release was one to three years but explained that, under U.S.S.G. § 5D1.1(c), supervised release ordinarily should not be imposed if it is not required by statute and the defendant is an alien likely to be deported.

At the sentencing hearing, Alvarez–Saldana stated that she had no objection to the PSR.[1] The district court noted the PSR's advisory guidelines range, stated that "[t]here will be a period of supervised release of three years," and then gave both parties an opportunity to speak before imposing the sentence. Alvarez–Saldana did not object to the statement regarding supervised release and instead simply argued for a below-guidelines sentence, urging that she had a benign motive for reentry, had lived the majority of her life in the United States, had maintained continued employment as a housekeeper, had been the victim of domestic violence, had suffered from bouts of anxiety and depression, and had no prior illegal reentry convictions.

> When Alvarez–Saldana completed her argument, the district court stated,
>
> What troubles me about this is this is not only an illegal reentry but it's what this woman was doing . . . when she was in the United States. A cleaning lady, I don't know, but I do know that there appears to be about three separate convictions for selling or attempting to sell heroin[], a nasty, nasty drug that is dangerous and very addictive. And each time that she did it, she didn't profit from that. She went back out to do it. And, you know, I understand why she's wanting to do it, maybe because she wants to support her family with this, but the fact of the matter is, you had three separate chances . . . to quit doing this and you didn't.

---

[1] Before the sentencing hearing, Alvarez–Saldana objected to the calculation of her total offense level, but that objection was resolved and is not raised in this appeal.

No. 12-41408

The court sentenced Alvarez–Saldana to a term of sixty-three months' imprisonment, to be followed by three years of supervised release. Alvarez–Saldana then objected to the sentence as "more than sufficient and greater than necessary" and timely appealed.

## Discussion

Alvarez–Saldana challenges the term of supervised release as procedurally and substantively unreasonable. Specifically, she argues that the district court erred procedurally by failing to explain its decision to impose supervised release despite § 5D1.1(c)'s guidance that supervised release ordinarily should not be imposed in a case involving a deportable alien. She also asserts that the supervised-release term is substantively unreasonable because the district court failed to account for § 5D1.1(c)'s guidance, a factor that should have received significant weight.[2]

"We generally review sentences for abuse of discretion." *United States v. Cancino–Trinidad*, 710 F.3d 601, 604 (5th Cir. 2013). In doing so, we conduct a bifurcated analysis. First, we "ensure that the sentencing court committed no significant procedural error," which includes, among other things, "failing to adequately explain the chosen sentence." *United States v. Dominguez–Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012) (internal quotation marks omitted). If the sentence is procedurally proper, "we then consider the substantive reasonableness of the sentence." *Cancino–Trinidad*, 710 F.3d at 605 (internal quotation marks omitted). "[A] sentence within the Guidelines range is presumed reasonable on appeal." *United States v. Mondragon–Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

---

[2] Alvarez–Saldana also preserves for further review her assertion that the district court's imposition of supervised release constituted an upward departure from the guidelines requiring notice, though she acknowledges that our precedent forecloses that argument. *See United States v. Dominguez–Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

3

No. 12-41408

If a defendant fails to properly object to an alleged error at sentencing, however, review is for plain error. *Dominguez–Alvarado*, 695 F.3d at 327. We can remedy such an error "only when it is plain and affects the defendant's substantial rights." *Mondragon–Santiago*, 564 F.3d at 361. Even when these elements are met, we generally will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (internal quotation marks omitted).

Alvarez–Saldana concedes that her objection to the sentence being "greater than necessary" was insufficient to alert the district court of her disagreement with the manner in which the sentence was explained. *Cf. Mondragon–Santiago*, 564 F.3d at 361 ("A district court hearing an objection that a sentence is 'greater than necessary' would not know from those words that the defendant wanted further explanation of the sentence."). We therefore review her claim of procedural unreasonableness for plain error and her claim of substantive unreasonableness for abuse of discretion. *See, e.g.*, *id.* (analyzing an identical objection and concluding that the claim of procedural unreasonableness would be reviewed for plain error and the claim of substantive unreasonableness for abuse of discretion).

With respect to procedural unreasonableness, we have previously addressed the adequacy of explanations for the imposition of supervised release in cases involving § 5D1.1(c). In *Dominguez–Alvarado*, we interpreted that provision and its accompanying commentary to mean that, in the case of a deportable alien, "supervised release should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." 695 F.3d at 329. The district court had imposed a sentence that included a three-year term of supervised release and justified its decision by stating, "I

4

gave the sentence after looking at the factors in 3553(a), to deter future criminal conduct, his particular background and characteristics, which apparently do not make him a welcome visitor to this country." *Id.* at 330 (internal quotation marks omitted). The defendant did not challenge the adequacy of this explanation until his appeal, but we held that "[e]ven when an objection is voiced under § 5D1.1(c), [the district court's] particularized explanation and concern would justify imposition of a term of supervised release." *Id.* As a result, the district court did not commit any error, plain or otherwise, with its explanation. *Id.*; *see also United States v. Reyes–Serna*, 509 F. App'x 313, 314 (5th Cir. 2013) (per curiam) (unpublished) (finding the district court's explanation of the supervised-release term sufficient when the district court noted the defendant's criminal history, the § 3553(a) factors, and the need to protect the public).

Here, the district court similarly spoke of Alvarez–Saldana's criminal history, citing her repeated sales of a "dangerous" and "very addictive" drug. Additionally, the court adopted the PSR, which informed the court that under § 5D1.1(c) it ordinarily should not impose a term of supervised release in a case such as this. The court's adoption of the PSR supports our general inference that the court "considered all pertinent sentencing considerations in imposing the sentence," *Cancino–Trinidad*, 710 F.3d at 606 (internal quotation marks omitted), and its focus on the nature of Alvarez–Saldana's repeated prior convictions indicates that the court weighed the need for added deterrence and protection.[3] Under these circumstances, particularly the similarity between the explanation here and the one found sufficient in *Dominguez–Alvarado*, we cannot say that the court plainly erred in failing to adequately explain its

---

[3] Indeed, the district court rejected defense counsel's argument that "I don't think that it's necessary that You Honor sentence her within the guidelines to deter her from returning. The time that she's already been in prison and the fact that she has had time to reflect on the possible punishment that she may receive today is enough to deter her from coming back."

No. 12-41408

reasons for the sentence imposed. We note further that even if there were clear or obvious error, Alvarez–Saldana's claim would still fail as she has not shown that an adequate explanation would have changed her within-guidelines-range sentence. *See, e.g.*, *Mondragon–Santiago*, 564 F.3d at 365 ("While a district court errs by failing to explain a sentence, the effect of that error on our review for reasonableness is diminished when the sentence is within the Guidelines range.").

We next consider Alvarez–Saldana's claim of substantive unreasonableness. "One basis for error in a defendant's sentence is failure by the district court to account for a factor that should receive significant weight." *Cancino–Trinidad*, 710 F.3d at 607 (internal quotation marks omitted). Alvarez–Saldana argues that the relevant factor ignored by the district court is § 5D1.1(c)'s guidance that the court ordinarily should not impose supervised release in cases involving deportable aliens. Her supervised-release term, however, was within the guidelines range of one to three years. *See Dominguez–Alvarado*, 695 F.3d at 329 (holding that the imposition of supervised release despite § 5D1.1(c)'s guidance does not constitute an upward departure from the guidelines). "We ordinarily apply a presumption of reasonableness to within-guidelines sentences." *Cancino–Trinidad*, 710 F.3d at 607 (alteration and internal quotation marks omitted). As Alvarez–Saldana has not presented a compelling argument to rebut that presumption, we conclude that the sentence was not substantively unreasonable. *See, e.g.*, *id.* at 607–08 (rejecting an identical claim of substantive unreasonableness and holding that the imposition of a within-guidelines-range term of supervised release "was not itself error").

## Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.