# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 15-40680
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2016

Lyle W. Cayce
Clerk

────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOANN HERMINIA SILVAS,

Defendant-Appellant

────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-58

────────────

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joann Herminia Silvas pleaded guilty to conspiring to transport an undocumented alien in the United States for financial gain. She was sentenced to 15 months of imprisonment, to be followed by three years of supervised release. On appeal, she challenges only a special condition of supervised release that requires her to abstain from alcohol during the term of her supervision. Silvas argues that the district court plainly erred by imposing the

────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

special condition without providing an explanation showing that the condition is reasonably related to the relevant statutory factors of 18 U.S.C. §§ 3553(a) and 3583(d).

Because Silvas did not object to the challenged condition of supervised release in the district court, we review for plain error. *See United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013). A district court may impose any condition of supervised release that it deems appropriate as long as the condition is reasonably related to one of four factors: (1) the nature and characteristics of the offense and the history and characteristics of the defendant; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment. *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009). Also, the "condition cannot impose a 'greater deprivation of liberty than is reasonably necessary,'" and the condition must be consistent with the policy statements of the Guidelines. *Id.* at 153 (quoting § 3583(d)(2)).

The presentence report detailed facts relating to Silvas's history of problems with alcohol and drugs. Silvas has a prior conviction for negligent homicide as a result of driving under the influence of alcohol, a fact she does not contest. She also has prior drug-related convictions. Silvas reported that she consumed alcohol as recently as 2014 and that she had substance abuse issues dating from her youth. Additionally, Silvas attended a substance abuse program but did not successfully complete it.

Although the district court failed to state its reasons for the special condition of supervised release, *see United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014), the error does not affect Silvas's substantial rights. The condition is reasonably related to the statutory factors and does not involve a

greater deprivation of liberty than is reasonably necessary given Silvas's history of abusing alcohol and the need to protect the public. *See United States v. Prieto*, 801 F.3d 547, 550-53 (5th Cir. 2015); *see also United States v. Paul*, 274 F.3d 155, 171 (5th Cir. 2001). Silvas has not shown that the alleged error altered the outcome of the district court proceedings by resulting in the imposition of an unwarranted condition of supervised release. *See Prieto*, 801 F.3d at 550-53.

Moreover, assuming that Silvas could show an effect on her substantial rights, Silvas does not show that "the degree of the [alleged] error and the particular facts of [her] case" warrant the exercise of our discretion. *Prieto*, 801 F.3d at 554 (internal quotation marks and citation omitted). The imposition of an alcohol prohibition on a defendant with alcohol and drug-related criminal history as well as substance abuse history does not result in "a serious injustice." *Id.*

The judgment of the district court is AFFIRMED.