# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10846

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID HEREDIA-HOLGUIN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-39

Before REAVLEY, OWEN, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

David Heredia-Holguin's case is before this panel pursuant to a remand from the en banc court, which held that Heredia-Holguin's deportation did not, by itself, render his appeal of his term of supervised release moot. *United States v. Heredia-Holguin*, 823 F.3d 337, 339 (5th Cir. 2016) (en banc). Based on that determination, the en banc court remanded Heredia-Holguin's case to this panel to consider "any other issues remaining in Heredia-Holguin's appeal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10846

of his term of supervised release." *Id.* at 343. We ordered supplemental briefing in light of the full court's decision. In their supplemental briefs, the parties have reiterated three remaining issues:[1] (1) whether the district court erred when it imposed a term of supervised release; (2) whether the district court erred when it treated Heredia-Holguin's prior New Mexico conviction for possession of methamphetamine as a "felony" conviction; and (3) whether the district court erred when it ordered Heredia-Holguin to abstain from the use of alcohol during the term of supervision. We affirm.

## I.

In 2014, Heredia-Holguin pleaded guilty to illegal reentry and was sentenced to twelve months of imprisonment followed by a three-year term of supervised release. The district court attached two special conditions to the supervised release term: (1) "[t]he defendant shall not illegally re-enter the United States, if deported, removed, or allowed voluntary departure"; and (2) "[t]he defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision." Heredia-Holguin was released from prison and deported to Mexico in August of 2014. His three-year term of supervised release has not expired.

As the en banc court noted, Heredia-Holguin did not object in the district court to his sentence or the conditions of his supervised release. *See id.* at 338. Therefore, our review is only for plain error. "Plain error review requires four

---

[1] When he first filed his appeal, Heredia-Holguin initially conceded that the appeal was moot based on his deportation and argued that his term of supervised release should be equitably vacated. In response, the government moved to dismiss the appeal as moot. Before ruling on the mootness and equitable vacatur issues, this court ordered the parties to submit supplemental briefing to address, among other issues, "what error, if any, in appellant's conviction or sentence is complained of on appeal." In his initial supplemental briefing, Heredia-Holguin raised the same three merits issues that he raises now. The government addressed the merits of those three issues in its response. We limit our review to those three issues.

2

No. 14-10846

determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012). "This court retains discretion to correct [the] reversible plain error," but "will do so 'only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 328 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).[2]

## II.

Heredia-Holguin first contends that the district court erred when it imposed a three-year term of supervised release to follow his twelve-month term of imprisonment. Subsection (c) of § 5D1.1 of the Sentencing Guidelines advises: "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). We have interpreted this Guidelines provision and its accompanying commentary to mean that, in the case of a deportable alien, "supervised release should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular

---

[2] Although Heredia-Holguin concedes that the second and third issues he raises are subject to plain error review only, he urges us to review the district court's imposition of supervised release for abuse of discretion. Heredia-Holguin argues that his response to the Presentence Report, entitled "Adoption of Presentence Report and Comment Regarding Imposition of Supervised Release," constitutes an objection sufficient to preserve the issue. The government counters that Heredia-Holguin merely "requested" that the district court decline to impose supervised release when Heredia-Holguin adopted the Presentence Report. The government therefore asks this court to apply plain error review. The en banc court already addressed this issue, finding that Heredia-Holguin failed to object to any aspect of his sentence. *Heredia-Holguin*, 823 F.3d at 339 ("Heredia–Holguin did not object to any part of his sentence."). Thus, our review of all three issues is for plain error only.

3

case." *Dominguez-Alvarado*, 695 F.3d at 329; *United States v. Alvarez-Saldana*, 537 F. App'x 463, 466 (5th Cir. 2013) (unpublished). Even when a defendant objects under § 5D1.1(c), a district court's "particularized explanation and concern" justify imposing a supervised release term. *Dominguez-Alvarado*, 695 F.3d at 330. This requirement "is not onerous." *United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013).

"The word 'ordinarily' is hortatory, not mandatory," in § 5D1.1(c). *Dominguez-Alvarado*, 695 F.3d at 329. The provision is "couched in advisory terms" and "does not evince an intent to confer a benefit upon deportable aliens that is not available to other defendants." *Becerril-Pena*, 714 F.3d at 350. We have stated that the Sentencing Commission's "official explanation of the amendments suggest[s] that they were animated primarily by administrative concerns," and that these amendments "did not alter our highly deferential review of within-Guidelines sentences." *Id.* With this hortatory construction in mind, we have been reluctant to second-guess a district court's imposition of supervised released contrary to § 5D1.1(c) even "when the district court considers the guideline only implicitly." *Id.* (citing *United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013)).

Here, the imposition of supervised release satisfies our requirements. The district court imposed a within-Guidelines term of supervised release. In doing so, the district court explicitly made the "determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of [this] particular case," *Dominguez-Alvarado*, 695 F.3d at 329, explaining that supervised release would "offer an additional potential sanction against the defendant should he subsequently be deported and then try to unlawfully come back into this country." This determination goes beyond the "implicit consideration of the deterrent effect of [supervised release]" which we approved in *United States v. Cancino-Trinidad*, 710 F.3d

4

601, 607 (5th Cir. 2013). The district court made this finding after adopting the Presentence Report (PSR) in full, which informed the court of § 5D1.1(c)'s recommendation against supervised release.

The PSR additionally detailed Heredia-Holguin's long history in the United States, his drug-related criminal history, and the fact that he had been previously deported, but nonetheless returned to the United States soon after and admitted to engaging in additional drug-related criminal conduct upon his return. Heredia-Holguin did not object to any of these findings. "As § 5D1.1's commentary makes clear, . . . supervised release remains especially appropriate for defendants with lengthy criminal histories." *Becerril-Pena*, 714 F.3d at 351. We therefore find unavailing Heredia-Holguin's argument that "[n]othing in the record" supports a finding that he required additional deterrence.

We conclude that, under plain error review, the district court's finding that additional deterrence was appropriate in this case did not constitute reversible error.

III.

Next, Heredia-Holguin argues that the district court erred by treating his prior New Mexico conviction for possession of methamphetamine as a "felony conviction" for the purpose of applying 8 U.S.C. § 1326(b)(1), which provides enhanced statutory maximum terms of imprisonment and supervised release for individuals who illegally reenter the United States after having been deported following a felony conviction. Heredia-Holguin concedes that he did not object to the district court's characterization of his prior conviction and therefore that our review is for plain error.

Ordinarily, an individual who has been deported and subsequently illegally reenters is guilty of a Class E Felony and is subject to a maximum term of imprisonment of two years and a maximum term of supervised release

of one year. 8 U.S.C. § 1326(a); 18 U.S.C. § 3583(b)(3). However, if the individual's "removal was subsequent to a conviction for commission of . . . a felony," the offense is enhanced to a Class C Felony, and the statutory maximum punishment becomes ten years of imprisonment and three years of supervised release. 8 U.S.C. § 1326(b)(1); 18 U.S.C. § 3583(b)(2). Although the district court sentenced Heredia-Holguin to twelve months of imprisonment—below the statutory maximum for the "unenhanced" version of illegal reentry—the court imposed three years of supervised release based on Heredia-Holguin's New Mexico conviction for possession of methamphetamine. The PSR reflected that, in 2004, Heredia-Holguin pleaded guilty to the offense and was sentenced to 18 months deferred adjudication probation by a New Mexico court. In 2006, after his initial deportation, Heredia-Holguin's probation was successfully discharged. Heredia-Holguin makes two arguments for why the district court's application of the felony enhancement was in error.

First, Heredia-Holguin contends that, unlike "standard practice," there was no documentation attached to his PSR proving that his New Mexico offense was in fact a felony—as opposed to a misdemeanor—and he therefore contends that the district court erred by relying solely on the PSR's characterization of the offense when it applied the felony enhancement. Even if we assume, arguendo, this supposition to be true, Heredia-Holguin does not explain how this alleged error constitutes "a manifest miscarriage of justice." *Dominguez-Alvarado*, 695 F.3d at 328. And we perceive no miscarriage of justice, because Heredia-Holguin does not actually contest that New Mexico possession of methamphetamine qualifies as a felony, nor does he challenge the accuracy of any of the information contained in the PSR with respect to that conviction.

Second, Heredia-Holguin argues that although he "pleaded guilty" in New Mexico court to possession of methamphetamine, "[a]s best one can tell

from the PSR alone, it appears that the New Mexico state court deferred imposition of sentence" and "[u]nder New Mexico law, satisfying a deferred sentence has functioned as the judicial equivalent of a pardon." Based on New Mexico's treatment of deferred sentences like his, Heredia-Holguin urges this court to find that his New Mexico disposition could not be characterized as a "conviction" at the time of his sentencing for the purpose of the felony-conviction enhancement.

Heredia-Holguin acknowledges this court's authority that is contrary to his position.[3] Nonetheless, Heredia-Holguin raises the issue to preserve it for further appellate review. Heredia-Holguin's own acknowledgement of authority contrary to his position demonstrates that the district court's treatment of his New Mexico deferred adjudication as a "conviction" was not "clear or obvious" error. Moreover, even if we were to find such error, Heredia-Holguin again fails to brief the remaining prong of plain error review. Accordingly, we conclude that the district court did not commit reversible error by treating Heredia-Holguin's New Mexico deferred adjudication as a felony conviction.

## IV.

Finally, Heredia-Holguin argues that the district court erred when it ordered him to refrain from consuming alcohol as a special condition of his

---

[3] Indeed, the PSR reflects—and Heredia-Holguin does not dispute—that he pleaded guilty to possession of methamphetamine and that the New Mexico Court imposed a term of deferred adjudication probation. As Heredia-Holguin acknowledges, the Immigration and Nationality Act defines "conviction" as including either "a formal adjudication of guilt" *or* "if an adjudication of guilt has been withheld, where . . . the alien has entered a plea of guilty . . . and the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A). We have previously held that deferred adjudications such as Heredia-Holguin's satisfy this definition of "conviction." *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009) (observing that "[f]ederal law counts Texas's deferred adjudication probation as a conviction" under § 1101(a)(48)(A)).

supervised release.[4] Again, Heredia-Holguin concedes that our review is for plain error, because he did not object to the imposition of this condition in the district court. *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

"A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Paul,* 274 F.3d 155, 164 (5th Cir. 2001). "[T]hough extensive," the district court's discretion "is subject to statutory requirements." *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013). A condition of supervised release must be related to at least one of four factors: "(1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant." *Weatherton*, 567 F.3d at 153 (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). Further, a condition of supervised release "cannot impose any greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs." *Id.* (internal quotation marks omitted). We have held that even when a condition does not relate to the crime of conviction, "[t]he district court has the discretion to impose conditions reasonably related to the history and characteristics of the defendant or his general rehabilitation." *United States v. Cothran,* 302 F.3d 279, 290 (5th Cir. 2002) (internal quotation marks omitted); *see also United States v. Salazar*, 743 F.3d 445, 452 (5th Cir. 2014).

Heredia-Holguin challenges the no-alcohol condition on the ground that "[t]he record provides no reliable indication that [he] had ever abused alcohol."

---

[4] Heredia-Holguin does not challenge the prohibition against "all other intoxicants."

As Heredia-Holguin notes, the PSR explicitly stated that he "has no history of alcohol . . . use." However, the PSR also stated that Heredia-Holguin's prior conviction for possession of methamphetamine and his admission to authorities in 2013 that he had hidden methamphetamine in his home "may indicate more involvement with illegal controlled substances than he is acknowledging." Additionally, the PSR reflected charges for conspiracy to distribute and possess with intent to distribute methamphetamine. Heredia-Holguin did not dispute the accuracy or reliability of the information contained in the PSR, which the district court adopted as its findings.

We acknowledge that the connection between the alcohol restriction and Heredia-Holguin's history as described by the PSR is thin considering the absence of evidence indicating a history of alcohol abuse specifically. However, under plain error review, we have previously upheld special conditions of supervised release that required the defendant to abstain from alcohol and other intoxicants when, although there was no evidence of alcohol abuse specifically, "the [district] court had reason to believe that [the defendant] abuses controlled substances . . . ." *United States v. Gayford*, 380 F. App'x 442, 444 (5th Cir. 2010) (unpublished); *see also id.* ("Because the court had reason to believe that he abuses controlled substances, it could require participation in a drug-abuse treatment program, and restrict Gayford's access to other substances, including alcohol and legal drugs presenting a danger of addiction."). Such evidence, we have determined, is a sufficient basis to uphold a district court's restriction of a defendant's "access to other substances, including alcohol" under the deferential plain error standard. *Id.*; *see also United States v. Cortez-Guzman*, 606 F. App'x 241, 243 (5th Cir. 2015) (unpublished), *cert. denied*, 136 S. Ct. 351 (2015) ("Cortez has a record of illegal substance abuse, as shown by his conviction for possession of cocaine. Thus, the district court did not err by ordering him to abstain from using alcohol

during his term of supervised release."); *United States v. McCall*, 419 F. App'x 454, 458 (5th Cir. 2011) (unpublished) (holding that, when a defendant admitted to abusing marijuana, "the district court had reason to believe [that the defendant] currently abused a controlled substance" and therefore did not commit "clear or obvious error by prohibiting [him] from consuming alcohol, a substance that also presents a danger of addiction"). *Cf. United States v. Flores-Guzman*, 121 F. App'x 557, 558 (5th Cir. 2005) (unpublished) (finding that a restriction prohibiting the defendant from "drinking or using any addictive substances" constituted plain error because the restriction was "not reasonably related to the nature of the offense or [the defendant's] characteristics").

We note that even if we were to accept Heredia-Holguin's argument that the district court erred and that the error was clear or obvious, he has not attempted to demonstrate that the error affects his substantial rights. *See Cancino-Trinidad*, 710 F.3d at 606 ("On plain-error review, the appellant has the burden of showing an error affected substantial rights.").[5] Nor has Heredia-Holguin suggested "that the 'degree of the [alleged] error and the particular facts of [his] case' warrant the exercise of our discretion." *United States v. Silvas*, 637 F. App'x 175, 176 (5th Cir. 2016) (unpublished) (first alteration in original) (quoting *United States v. Prieto*, 801 F.3d 547, 550–53 (5th Cir. 2015)). Based on the record and briefing before us, we cannot conclude that the district

---

[5] As the government notes, Heredia-Holguin—who was deported from the United States in 2014—does not suggest that he is currently abiding by the condition that he abstain from alcohol use. *Cf. United States v. Mason*, 626 F.App'x 473, 475 (5th Cir. 2015) (noting that "[e]ven if" a supervised release condition prohibiting alcohol use were plain error, "given that [the defendant] will be more than 80 years old when he is released . . . it is hard to say at this point that [the supervised release term] affects his substantial rights or supports exercise of our discretion to correct any error") (internal quotation marks omitted). Nonetheless, we do not address whether a supervised release condition such as this one affects the substantial rights of an individual who has been deported. We only hold that, on the briefing before us, Heredia-Holguin has failed to carry his burden with respect to this element of plain error review.

No. 14-10846

court's imposition of the no-alcohol condition—in light of Heredia-Holguin's history involving controlled substances generally and his failure to allege any effect of the condition on his substantial rights—"so seriously threatens the fairness, integrity, or public reputation of the court system that we must correct it." *Prieto*, 801 F.3d at 554.

Accordingly, we do not disturb the challenged supervised release condition.

## V.

For the foregoing reasons, we AFFIRM the sentence of the district court.