# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2021

Lyle W. Cayce
Clerk

No. 20-50192

United States of America,

*Plaintiff—Appellee,*

*versus*

Luis Jose Vigil,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1534

Before Wiener, Dennis, and Duncan, *Circuit Judges.*

Per Curiam:

Luis Jose Vigil pleaded guilty to one count of conspiracy to transport illegal aliens and one count of transporting an illegal alien. After summarizing his history of drug abuse and prior drug-related arrests and convictions, Vigil's presentence report (PSR) recommended that as a "special condition" Vigil be required to "abstain from the use of alcohol and/or all other intoxicants during the term" of supervised release that will follow his prison sentence. Over Vigil's objection to the prohibition on alcohol use, the district court imposed the special condition.

On appeal, Vigil argues that imposition of the "no alcohol" condition was an abuse of the district court's discretion because the condition is not reasonably related to his offense or his history and characteristics, and that the condition deprives him of liberty to a greater extent than necessary to achieve the goals of sentencing. Specifically, he argues that, while the record contains evidence of his *drug* abuse and prior drug-related offenses, it does not contain similar evidence of *alcohol* abuse that would justify prohibiting him from drinking alcohol. Our court has affirmed "no alcohol" special conditions in similar circumstances on plain error review, but we have yet to consider a case, like the present one, in which a defendant preserved his challenge by raising his argument before the district court. After careful review of the record in light of the applicable sentencing factors, we AFFIRM the district court's imposition of the special condition.

## I. Facts and procedural background

The underlying facts of Vigil's instant offense are not particularly relevant to the issue on appeal. However, to briefly summarize: Vigil was driving a car with two passengers that stopped at a Border Patrol checkpoint near Del Rio, Texas. During inspection, Border Patrol agents discovered that one of the passengers was present in the country illegally. Vigil was eventually indicted on one count of conspiracy to transport illegal aliens and one count of transporting an illegal alien, and he pleaded guilty to both charges.

The following relevant facts were accepted by the district court through its adoption of the PSR and are not disputed by Vigil: During his presentence interview, Vigil, who was 25 years old at the time, told a probation officer that he first used marijuana at the age of 13 and smoked three marijuana cigarettes daily, having last smoked marijuana in the month he was arrested; that he used Xanax "daily" from the ages of 14 to 17; that he "experimented" with cocaine "twice" at the age of 15 and with methamphetamines "once" at the age of 24; and that he drank alcohol for

the first time at age 15 "and only drank on three separate occasions" (though the PSR is silent as to when). The PSR also stated that Vigil "did not recall if he has ever attended treatment for substance abuse; however, he indicated treatment would be necessary." Finally, Vigil's criminal history, as recounted in his PSR, included two convictions for possession of controlled substances—one for possession of marijuana and one for possession of marijuana and Xanax—and another dismissed arrest for marijuana possession.

The PSR recommended as special conditions of supervised release, among other things, that Vigil (A) abstain from using alcohol and other intoxicants during his term of supervision, and (B) participate in a substance abuse treatment program that included testing for drugs and alcohol, subject to the supervision of his probation officer. Vigil objected to the "no alcohol" portion of the first special condition, in both written objections and at sentencing. He argued that the ban on alcohol was not reasonably related to either his offense (transporting an illegal alien) or to his personal history and characteristics as recounted in his PSR. Vigil contended that the PSR showed extensive drug use (which Vigil admitted would support drug-related prohibitions), but only three instances of alcohol use. Given the lack of a documented history of alcohol use, Vigil argued that a ban on alcohol involved a greater deprivation of liberty than necessary. He also challenged the "no alcohol" condition as inconsistent with the Sentencing Commission's policy statements. Vigil did not challenge the other recommended special condition requiring substance abuse treatment, nor did he challenge the recommended conditions prohibiting his use of controlled substances without a valid prescription and prohibiting his use of "psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning."

At sentencing, the district court stated that it considered Vigil's "drug usage" "to see what he may need when he gets out." Responding to

counsel's objection to the inclusion of alcohol in the special condition banning the use of any intoxicants, the district court stated it was "not so worried about the alcohol [portion of the special condition] since that condition also deals with other intoxicants.  A lot of times the other intoxicants—maybe not with your client—but sometimes they do lead to some of these other uses."  The court then re-iterated its understanding that regardless of whether the word "alcohol" appeared in the language of the special condition, alcohol was nonetheless "subsumed under 'intoxicants'" and the court stated further that it would not "delete the whole condition" because Vigil had "been addicted to other intoxicants that I don't want him on at all."  The district court overruled Vigil's objection.

The district court sentenced Vigil to concurrent 21 months of imprisonment on each count, followed by three years of supervised release. As a special condition of supervised release, the court required that Vigil "abstain from the use of alcohol and any and all intoxicants" while on supervision.  The court also imposed the recommended special conditions requiring participation in substance abuse treatment, prohibiting the use of controlled substances without a valid prescription, and prohibiting the use of other "psychoactive substances."  This appeal followed.

## II. Standard of review

Where a defendant preserves the challenge, we review the substantive reasonableness of a sentence—including supervised release conditions—under the abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Fernandez*, 776 F.3d 344, 345 (5th Cir. 2015) (citing *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009)).

## III. Analysis

As the facts are not in dispute, the single question before us is whether these facts support the imposition of a special condition of supervised release barring Vigil from consuming "any and all intoxicants," including

No. 20-50192

"alcohol," or whether the "alcohol" provision should have been excised from the condition given the lack of evidence that Vigil had a history of alcohol abuse specifically. After considering the applicable sentencing factors, we find no abuse of discretion in the district court's decision to prohibit Vigil from using alcohol during his term of supervised release.

"A district court has wide discretion in imposing terms and conditions of supervised release. However, this discretion is limited by 18 U.S.C. § 3583(d), which provides that a court may impose special conditions of supervised release only when the conditions meet certain criteria." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001).

Pursuant to 18 U.S.C. § 3583(d), a district court has the discretion to order "any other condition it considers to be appropriate," so long as the condition is "reasonably related" to certain sentencing factors.

> These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct," (3) the need "to protect the public from further crimes of the defendant," and (4) the need "to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner."

*Paul*, 274 F.3d at 165 (quoting 18 U.S.C. § 3553(a)(1)-(2)) (alteration in original). "In addition, supervised release conditions cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals." *Id.* (citing § 3583(d)). And finally, § 3583(d) requires that the supervised release condition also be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). In this case, the pertinent policy statement is contained in U.S.S.G. § 5D1.3(d)(4), which states that "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances *or* alcohol," then special conditions (A) "requiring the defendant to participate in a program . . . for substance abuse . . . *and*" (B) "specifying that the

defendant shall not use or possess alcohol" may be appropriate. *See* U.S.S.G. § 5D1.3(d)(4) (emphasis added).

In *United States v. Ferguson*, 369 F.3d 847 (5th Cir. 2004), we stated that it was not an abuse of discretion for the district court to impose a special condition of supervised release prohibiting the defendant from ingesting cough syrups containing codeine and sleeping medications containing drugs or alcohol without a prescription because there was evidence that the defendant had a history of drug abuse and the medications "contain chemicals that may be addictive." 369 F.3d at 853. However, we vacated a special condition prohibiting the defendant from taking any over-the-counter (OTC) drugs because it was overbroad. *Id* at 853–54. Nevertheless, we noted in dicta that a similar special condition could be permissible if limited to OTC drugs that were susceptible to abuse and therefore could have a detrimental impact on the defendant. *Id.* at 854. We also vacated a special condition prohibiting tobacco use and the taking of aspirin, because tobacco and aspirin were not reasonably related to the permissible statutory factors. *Id.* at 853. Thus, while *Ferguson* did not address a "no alcohol" condition specifically, it stands for the proposition that, when sentencing a defendant with a history of drug abuse, it may be within the district court's discretion to more broadly prohibit the defendant from consuming *any* substances that are intoxicating and/or susceptible to abuse.

In line with *Ferguson*'s rationale, in multiple unpublished decisions our court has affirmed, albeit on plain error review, the imposition of "no alcohol" conditions when there was evidence in the record that the defendant abused controlled substances, even absent evidence that the defendant had a history of abusing alcohol specifically. *See United States v. Heredia-Holguin*, 679 F. App'x 306, 311–12 (5th Cir. 2017); *United States v. Cortez-Guzman*, 606 F. App'x 241, 242–43 (5th Cir. 2015); *United States v. Gayford*, 380 F. App'x 442, 444 (5th Cir. 2010); *United States v. McCall*, 419 F. App'x 454, 457–59 (5th Cir. 2011). While unpublished decisions are non-

precedential, and the cases cited above reviewed only for plain error rather than abuse of discretion, we find them persuasive.

Applying the foregoing to Vigil, we conclude that the district court did not abuse its discretion in imposing the "no alcohol" condition. In this case, the "no alcohol" condition meets all of the requirements of 18 U.S.C. § 3583(d). First, the special condition was "reasonably related" to the permissible sentencing factors in § 3553(a), including specifically the "history and characteristics of the defendant"—Vigil's admitted abuse of marijuana and Xanax, his multiple drug-related arrests and convictions, and his admission that he would benefit from drug treatment—and the need for the sentence to "afford adequate deterrence to criminal conduct," "protect the public from further crimes," and, "provide the defendant with needed . . . medical care, or other correctional treatment"—here, substance abuse treatment—"in the most effective manner." *See* 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D). This conclusion is well supported by the record, as reflected in the facts contained in Vigil's PSR and the district court's statements at sentencing in which the court explained the need for a prohibition on the use of all intoxicants by focusing on Vigil's history of drug use and the potential that the use of one intoxicant can lead to use of others.

Second, for essentially the same reasons, the special condition involves no greater deprivation of liberty than is reasonably necessary in this case to achieve the statutory goals. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008) ("A condition that requires [a defendant] to stay completely sober by prohibiting him from using *any* intoxicating substance— whether drugs or alcohol—is 'part of an integrated rehabilitative scheme.'") (citation omitted); *United States v. Forde*, 664 F.3d 1219, 1224 (8th Cir. 2012) (recognizing, in some cases, "that the use of alcohol limits a recovering person's ability to maintain a drug-free lifestyle" such that "it was within the district court's discretion to recognize the threat of cross addiction and respond by imposing the ban on alcohol use . . . consistent with the statutory

goals of deterrence and protecting the public from future offenses"(cleaned up)).

Finally, the special condition is consistent with the Sentencing Commission's policy statement. Indeed, the district court in this case was presented with the exact scenario outlined in the policy statement and imposed precisely the special conditions recommended. The policy statement does not require the district court to find that the defendant abuses alcohol specifically in order to prohibit alcohol use. Rather, presented with evidence that Vigil abused "narcotics, other controlled substances *or* alcohol" (emphasis added), the district court imposed special conditions requiring participation in a substance abuse treatment program and prohibiting the use of alcohol. *See* U.S.S.G. § 5D1.3(d)(4); *see also Gayford*, 380 F. App'x at 444 ("Because the court had reason to believe that [the defendant] abuses controlled substances, it could require participation in a drug-abuse treatment program and restrict [defendant's] access to other substances, including alcohol and legal drugs presenting a danger of addiction." (citing *Ferguson*, 369 F.3d at 853) (other citation omitted)).

## IV. Conclusion

Of course, it will not always automatically be within the district court's discretion to impose a special condition prohibiting alcohol use whenever a defendant has drug use or drug-related arrests in his or her past. Special conditions "must be tailored to the individual defendant," not "imposed as a matter of course," *United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015), and the Sentencing Commission's policy statement recommends prohibiting alcohol use only when the court "believe[s] that the defendant is an *abuser* of narcotics, other controlled substances or alcohol," not merely when a defendant has ever *used* drugs or alcohol, *see* U.S.S.G. § 5D1.3(d)(4) (emphasis added). But, in a case like this, where the defendant has a history of substance abuse and drug-related arrests such that the court reasonably believes he is an "abuser" of drugs, it is within the district court's

discretion to require substance abuse treatment and prohibit the use of intoxicating substances, including alcohol, as special conditions of supervised release—even when there is no evidence in the record of alcohol abuse specifically.

For the foregoing reasons, we AFFIRM Vigil's sentence.