# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2023

Lyle W. Cayce
Clerk

_____

No. 22-50296
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrea Nicole Skaggs,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-128-8

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Andrea Nicole Skaggs appeals the 8-month term of imprisonment imposed following the revocation of her supervised release. Skaggs asserts that her revocation sentence, which was within the range recommended by the policy statements of the Sentencing Guidelines, is substantively

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50296

unreasonable.  Specifically, she argues that the district court erred in light of the president's blanket pardon for marijuana possession offences.

We review her sentence under the plainly unreasonable standard.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013); *see also United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020).  The record reflects that the district court's explanation for the chosen revocation sentence was reasoned, fact-specific, and consistent with the statutory sentencing factors relevant to revocation sentences.  *See Warren*, 720 F.3d at 332-33.  The marijuana offense pardon is irrelevant because Skaggs has never been accused or convicted of possessing marijuana; she was originally convicted and sentenced for conspiring to possess with intent to distribute crack cocaine and then violated the terms of her supervised release by using marijuana. A district court can impose and enforce a condition of supervised release which prohibits a defendant from using any intoxicating substance whether legal or illegal.  *See United States v. Vigil*, 989 F.3d 406, 411 (5th Cir. 2021).  The district court did not abuse its discretion or impose a substantively unreasonable revocation sentence.  *See Warren*, 720 F.3d at 332.

The judgment of the district court is AFFIRMED.