# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-20041
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Jairo Spezzia,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-31-1

————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Charles Jairo Spezzia was convicted following a jury trial of offenses involving hostage taking; alien harboring; using, carrying, and brandishing a firearm during and in relation to a crime of violence; and possession of an unregistered short-barrel shotgun. His conviction of the firearms offense was later vacated in light of *United States v. Davis*, 588 U.S. 445 (2019), and he

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was resentenced to 276 total months in prison and five years of supervised release. As a special condition of supervised release, the district court barred him from knowingly purchasing, possessing, distributing, administering, or using any psychoactive substances that impair a person's physical or mental functioning without the prior approval of the probation officer.

On appeal, Spezzia contests the special condition. Because he did not object to it in the district court, we review for plain error. *See United States v. Daniel*, 933 F.3d 370, 382 (5th Cir. 2019).

Spezzia asserts that the district court did not give reasons for imposing the special condition and contends that no rationale can be inferred from the record. However, an independent review of the record establishes that there was sufficient evidence to support the condition. *See United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). Spezzia had a history of drug and alcohol use, the frequency and intensity of his use increased prior to the instant offenses, and he did not complete a treatment program to address a problem that could implicate his transition back to society and his future criminal behavior. The district court's reasons for imposing the condition can be inferred from the record. *See Daniel*, 933 F.3d at 383; *United States v. Ferguson*, 369 F.3d 847, 853 (5th Cir. 2004).

In addition, Spezzia suggests that the condition is inconsistent with 18 U.S.C. § 3583(d) because it was not reasonably related to the relevant factors in 18 U.S.C. § 3553(a) and involved a greater deprivation of liberty than was reasonably necessary. However, the condition at least concerned Spezzia's history and characteristics, *see* § 3553(a)(1), and the district court could limit his access to substances that could present a danger of addiction and affect his ability to reintegrate into society successfully, *see United States v. Vigil*, 989 F.3d 406, 410-11 (5th Cir. 2021); *Daniel*, 933 F.3d at 383; *Ferguson*, 369 F.3d at 853.

No. 24-20041

Thus, the special condition was not plain error.  *See Daniel*, 933 F.3d at 382.  The judgment of the district court is AFFIRMED.